**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1709-16T1

KATHLEEN M. HILTS,

    Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and PEP BOYS MANNY,
MOE & JACK OF DELAWARE,
INC.,

    Respondents.

_____

Submitted May 3, 2018 — Decided June 19, 2018

Before Judges Rothstadt and Gooden Brown.

On appeal from the Board of Review, Department of Labor, Docket No. 085,845.

Kathleen M. Hilts, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Aimee Blenner, Deputy Attorney General, on the brief).

PER CURIAM

Kathleen M. Hilts appeals from a final agency decision of the Board of Review (Board), which deemed her ineligible for unemployment benefits based upon the administrative finding that she was terminated from her job for simple misconduct pursuant to N.J.S.A. 43:21-5(b). For the reasons that follow, we affirm.

The facts derived from the record are summarized as follows. Hilts was employed by respondent, Pep Boys Manny, Moe and Jack, Inc. of Delaware (Pep Boys), as a parts manager from April 23, 2013 until March 9, 2016. Pep Boys terminated her for violating its company policy against workplace violence based upon Hilt's disclosure of a physical altercation she had with a customer on February 13, 2016. The altercation arose after the customer, who was allegedly caught shoplifting, attempted to assault Hilts. Hilts avoided the assault, but instead of retreating and calling police, she grabbed the customer and forcibly threw him out of the store where she worked.

After Pep Boys terminated Hilts, she applied for unemployment benefits. In response, a Deputy Director of respondent, the Department of Labor and Workforce Development, issued a Notice of Determination, advising Hilts she was disqualified from receiving benefits for the period March 6, 2016, through April 30, 2016. According to the Notice, Hilts' "discharge was for simple misconduct," arising from her "willful and deliberate disregard

of the standards of behavior [her] employer had a right to expect." Hilts filed an appeal with the Appeal Tribunal in which she recounted her positive work history with Pep Boys and, as to the confrontation with the customer, she argued that she was simply defending herself.

In response to Hilts' appeal, the Appeal Tribunal conducted a telephonic hearing on June 17, 2016, at which both Hilts and a representative from Pep Boys testified.[1] On the same date, the Appeal Tribunal issued a written decision affirming the Deputy Director's determination, after it found Hilts had been discharged for simple misconduct under N.J.S.A. 43:21-5(b). Hilts appealed and stated in her letter to the Board, among other things, that she had "security footage" from the store relating to the claims made against her. Based on Hilts' possession of the "security footage," the Board remanded the matter to the Appeal Tribunal for additional testimony and it further directed Hilts to provide copies of the security footage to Pep Boys and the Appeal Tribunal in advance of the hearing.

---

[1] This was actually a second hearing. At the first hearing, Hilts did not appear and the Appeal Tribunal affirmed the Deputy Director's initial decision because there was no contravening evidence presented. The matter was later reopened.

On September 23, 2016, the Appeal Tribunal conducted the remand hearing. Only Hilts participated. During the hearing, Hilts confirmed that there was no video recording of the February 13 incident[2] that led to her termination, and that she grabbed the customer by the back of his jacket and "escorted" him out of the store so that he would not try to hit her again.

After considering the evidence presented at the hearing, the Appeal Tribunal issued its written decision, again affirming the Deputy Director's denial of benefits for the limited period. The Appeal Tribunal found that Pep Boys learned about the February 13 incident from Hilts and from its observation of Hilts' interaction with the customer from a video recording of what transpired outside the store. It also found that according to Hilts, she "grabbed the customer by the back of the jacket and threw him out of the store [which] was done to defend herself" against the customer's "attempt[] to hit her with his fist."

Turning to its legal conclusions, the Appeal Tribunal discussed the provisions of N.J.S.A. 43:21-5(b), which related to the disqualification of an applicant for benefits when their

---

[2] Hilts produced video from another incident on a different day during which she chased another employee, who was chasing a shoplifter in the parking lot, while telling the employee to stop and get back in the store in accordance with the company's policy that store personnel should not pursue shoplifters, but rather call the police.

termination is due to "misconduct," and the definition of misconduct stated in N.J.A.C. 12:17-10.6(3), which included when an employee violates "a reasonable rule of the employer which the [employee] knew or should have known was in effect."

The Appeal Tribunal concluded by finding that the security footage Hilts presented was not relevant to her termination, and that her admitting to grabbing a customer and throwing him out of the store was in violation of Pep Boy's policy against workplace violence about which Hilts was aware. It rejected Hilts' argument that she acted in self-defense because she had an opportunity to leave the scene and call police, rather than grabbing the customer. Because there was no evidence that Hilts had been given any warnings against this conduct, the Appeal Tribunal concluded her actions only arose to "simple" misconduct, rather than severe misconduct, which imposed a lengthier period of ineligibility. See N.J.S.A. 43:21-5(b).

Hilts appealed again to the Board, arguing it was unfair that the same claims examiner conducted the two hearings before the Appeal Tribunal, and challenging as untrue testimony given by Pep Boy's representative during the first hearing. Further, Hilts claimed she did not act with the "intention of breaking any company policy or losing [her] job." After considering her submission,

the Board issued its written decision on November 15, 2016, affirming the Appeal Tribunal's decision. This appeal followed.

On appeal, Hilts contends that as a self-represented litigant, she has been "treated very unfairly" by both respondents. She claims that her termination "was based on false allegations from a manager who disliked" her. In support, she incorporates her letter to the Board appealing the Appeal Tribunal's final determination.

Our review of decisions by administrative agencies is limited, with petitioners carrying a substantial burden of persuasion. In re Stallworth, 208 N.J. 182, 194 (2011); Brady v. Bd. of Review, 152 N.J. 197, 218 (1997). An agency's determination must be sustained "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result[.]'" In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). The burden of proof rests with the employee to

establish a right to collect unemployment benefits. <u>Brady</u>, 152 N.J. at 218.

Applying our deferential standard of review, we conclude that Hilts' contentions are without sufficient merit to warrant discussion in a written opinion, and we are satisfied that the Appeal Tribunal's decision, as adopted by the Board in its final agency decision, was supported by substantial credible evidence and was legally correct. <u>R.</u> 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION